**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT TIERI, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 05 2740 |
| | ) | |
| THOMAS DART, COOK COUNTY | ) | |
| SHERIFF,[1] | ) | |

## MEMORANDUM AND ORDER

In this § 1983 action, plaintiff Robert Tieri contends that the Cook County Sheriff violated the Fourth and Fourteenth Amendments by refusing to release him from the Cook County Jail when ordered to do so by the judge presiding over one of Mr. Tieri's state court criminal cases. The Sheriff's motion for summary judgment is before the court. For the following reasons, the Sheriff's motion is granted.

### Background

The following facts are drawn from the parties' Rule 56 statements and are uncontested unless otherwise noted. Mr. Tieri was incarcerated in the Cook County Jail beginning on February 27, 2003, for a felony charge of possession of a controlled substance. Mr. Tieri was bonded out on May 6, 2003, for that charge but was promptly charged with possession of drug residue or manufacture and delivery of residue and arrested for a second time. The second charge was dismissed at the preliminary hearing.

While he was in custody for the second charge, Mr. Tieri missed a scheduled court hearing in connection with the first charge. As a result of Mr. Tieri's failure to appear at that

---

[1] The clerk is directed to substitute Thomas Dart, the current Sheriff of the Cook County, Illinois, Department of Corrections in the place of defendant Michael Shehan, the former sheriff. *See* Fed. R. Civ. P. 25(d).

hearing, the judge issued a bench warrant and revoked his bond on the first charge. On April 9, 2003 Mr. Tieri eventually appeared before a judge in connection with the first charge. At this hearing, Mr. Tieri explained why he had failed to appear at the last court hearing and the judge orally reinstated Mr. Tieri's bond. This order was reflected on a "half-sheet" in Mr. Tieri's criminal file as well as the transcript of proceedings.

On this same date, the judge issued a written order setting Mr. Tieri's bond at ten thousand dollars (a higher amount than the original bond set for his first offense) and scheduled a status hearing on May 6, 2003. Therefore, pursuant to the court's written April 9th order, Mr. Tieri needed to pay an additional amount of money before he could be released on bond again.

Mr. Tieri was taken back into custody on April 9, 2003. While Mr. Tieri was in custody, he contends that he told several officers and social workers at the Cook County Jail that he should have been released on bond. He also alleges that on April 15, 2003 and April 23, 2003, he filed a total of three written grievances regarding his incarceration contending that his bond had been reinstated on April 9, 2003 and that he should have been released. It is undisputed that Mr. Tieri never received any response regarding the grievances.

On May 3, 2003 , Mr. Tieri appeared before the same judge on the first charge and pleaded guilty. On that same day, the court issued a written order accepting Mr. Tieri's plea of guilty and reinstating Mr. Tieri's bond. Mr. Tieri was released from the Cook County Jail on May 3, 2006.

### Standard for a Motion for Summary Judgment

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue of any material fact." Fed.R.Civ.P. 56(c). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir.1992). The nonmoving party, however, may not merely rest upon the allegations or details in his pleadings, but instead, must set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## Discussion

Mr. Tieri has sued the Cook County Sheriff in his official capacity based on the allegedly wrongful deprivation of liberty in violation of the Fourth and Fourteenth Amendments. According to Mr. Tieri, despite his numerous complaints to jail officers between April 9, 2003, and May 6, 2003, the Sheriff's office followed its policy of ignoring detainees' claims and thus did not investigate his claims.[2] With respect to his specific situation, he points to the half-sheet in his criminal file indicating that he had been bonded out and argues that the Sheriff's office could have easily found this document if they had conducted any investigation. Mr. Tieri concludes that he was deprived of liberty for almost a month and that the Sheriff is liable because he would have been released if the Sheriff had properly investigated his claims.

An official capacity claim is, in essence, a claim against the governmental entity that employs the defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Chortek v. Milwaukee*, 356 F.3d 740, 748 n.4 (7th Cir. 2004). A local government entity is liable for

---

[2] The court will not address whether the Sheriff has a policy of routinely ignoring detainees' claims because even if such a policy existed, Mr. Tieri's claims still fail.

damages only if a plaintiff can show that the alleged unconstitutional deprivation occurred as a result of an official policy, custom, or practice. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Chortek v. Milwaukee*, 356 F.3d at 748. A jail's policy of ignoring all claims of wrongful detention, however, is "entirely lawful . . . unless the custodian knows that the judge refuses to make an independent decision [regarding detention] or there is doubt about which person the judge ordered held." *Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006). Thus, a custodian is entitled to rely on a judge's order of detention, and if a defendant is dissatisfied with the process given to him, the proper response is to seek reconsideration or file an appeal as opposed to asking the custodian for relief. *Id*. at 778.

As noted above, Mr. Tieri argues that the Sheriff could have easily located the half-sheet ordering him released. He thus concludes that he was wrongfully detained and that the Sheriff bears the responsibility for the error leading to his wrongful detention. The problem with this argument is that Mr. Tieri's criminal court records did not, contrary to his suggestion, show that the judge unambiguously ordered him to be released on bond. Instead, the record contained what can at best be viewed as conflicting orders: the half sheet releasing Mr. Tieri on bond, and the subsequent written order setting Mr. Tieri's bond at ten thousand dollars (a higher amount than the original bond set for his first offense). This higher bond led to Mr. Tieri's being in custody in the first place, as he was taken into custody when the judge set the higher bond.

Mr. Tieri's arguments about the half sheet fail because he did not present any admissible evidence showing that the Sheriff could have known about the half sheet. Mr. Tieri opined, with no foundation, that it would have been easy for "someone at the jail to call one of the deputies assigned to the criminal court building and ask them to check the court file." Plaintiff's

Response at 6.  However, the Sheriff points to officer Daniel Brown's testimony that it is difficult for Sheriff's office staff to access detainees' court files because those files belong to the clerk, not the Sheriff.

Critically, however, even if the Sheriff should have known about the half sheet order, Mr. Tieri has failed to establish that the Sheriff was obligated to follow that order when it conflicted with a formal written order of detention.  *See id*. ("the right response" to allegedly defective detention proceedings is "for [the defendant's] lawyer to insist that a better decision be made, and to appeal if the judge refused").  In other words, Mr. Tieri was responsible for correcting the alleged error, not the Sheriff.  *See id*.

In sum, Mr. Tieri's sojourn in jail was longer than he desired, but the Cook County Sheriff was not obligated to accept Mr. Tieri's claims and ignore a court order.  Thus, the Sheriff's motion for summary judgment is granted.

## **Conclusion**

For the above reasons, the Sheriff's motion for summary judgment [#52] is granted.  The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

DATE:   January 3, 2008

                                              Blanche M. Manning
                                              United States District Judge